### CARTER v. STATE.    (No. 6375.)

(Court of Criminal Appeals of Texas.  Nov. 9, 1921.)

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Earnest Carter was convicted of felony theft, and he appeals.  Reversed and dismissed.

R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J.   Appellant was convicted in the district court of McLennan county of felony theft, and his punishment fixed at nine years in the penitentiary.

Appellant filed his plea to the jurisdiction and motion to quash the indictment upon the ground that the grand jury which indicted him was composed of ten men and two women, and was hence not a legal grand jury, and that the indictment returned was void. The fact of such being the character of the grand jurors is admitted. This matter has received our careful consideration, and in an opinion handed down by Associate Justice Hawkins in cause No. 6369, Harper v. State, 234 S. W. 909, this day decided, we have held a grand jury so composed to be illegal and an indictment so found to be void. Without discussing the matter further than to refer to said opinion, we believe appellant's motion and plea should have been sustained, and that the judgment of conviction must be reversed and the prosecution ordered dismissed.

---

### CASSADY v. STATE.    (No. 6368.)

(Court of Criminal Appeals of Texas.  Nov. 16, 1921.)

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

M. C. Cassady was convicted of burglary, and he appeals.  Reversed, and prosecution dismissed.

R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J.  Appellant was convicted in the district court of McLennan county of burglary, and his punishment fixed at two years in the penitentiary.

There is but one question that needs to be noticed. By his bill of exceptions No. 1 appellant shows that he presented to the trial court a plea to the jurisdiction and motion to quash the indictment, based upon the fact that the grand jury finding same was composed of ten men and two women. Upon hearing said motion the state admitted the allegations to be true. In Harper v. State (No. 6369) 234 S. W. 909, recently decided by this court, the question herein involved was decided adversely to the state. Upon the authority of that case this judgment will be reversed and the prosecution ordered dismissed.

---

### CASSADY v. STATE.    (No. 6367.)

(Court of Criminal Appeals of Texas.  Nov. 16, 1921.)

Appeal from District Court, McLennon County; Richard I. Munroe, Judge.

M. C. Cassady was convicted of theft of an automobile, and he appeals.  Reversed, and prosecution dismissed.

R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J.  Appellant was convicted in the district court of McLennan county of the theft of an automobile, and his punishment fixed at two years in the penitentiary.

There is but one question that needs to be noticed. By his bill of exceptions No. 1 appellant shows that he presented to the trial court a plea to the jurisdiction and motion to quash the indictment, based upon the fact that the grand jury finding same was composed of ten men and two women. Upon hearing said motion the state admitted the allegations to be true. In Harper v. State (No. 6369) 234 S. W. 909, recently decided by this court, the question herein involved was decided adversely to the state. Upon the authority of that case this judgment will be reversed and the prosecution ordered dismissed.

---

### GIPSON v. STATE.    (No. 6371.)

(Court of Criminal Appeals of Texas.  Nov. 16, 1921.)

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

George Gipson was convicted of murder, and he appeals.  Reversed, and prosecution dismissed.

Taylor & Forrester, of Waco, for appellant.
R. H. Hamilton, Asst. Atty. Gen., for the State.

HAWKINS, J.   This appeal was from conviction for murder, in which punishment was assessed at five years in the penitentiary.

By proper bills of exception it is made to appear that the grand jury which returned the indictment was composed of ten men and two women. Under authority of the case of Dick Harper v. State (No. 6369) 234 S. W. 909, recently decided, the indictment is void, and the judgment will be reversed, and the prosecution ordered dismissed.